FELIX ANDRUSZKIEWICZ *vs.* VICTOR COLAN.

APRIL 30, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of assumpsit, which was brought on February 17, 1931, and which at the jury trial in the superior court, begun February 17, 1941, was limited to one ground for recovery, all others having been abandoned by the plaintiff. This ground was based on a promissory note held by the plaintiff and dated October 11, 1928, by which the defendant promised to pay to the order of the plaintiff on demand $2200, with interest at the rate of 8% payable every six months. It was not in dispute that the defendant had made to the plaintiff one payment of $200 on the principal of this note.

The sole defense at the trial was that this note had been paid in full by the defendant to the plaintiff and satisfied in the course and as a part of a transaction between the

parties which occurred on August 27, 1931, although admittedly the note was never surrendered by the plaintiff to the defendant. The plaintiff denied that the payment or satisfaction of the note was any part of that transaction.

At the close of the evidence the case was submitted to the jury solely on the issue thus raised and they were instructed that the burden was upon the defendant to prove this defense by the fair preponderance of the evidence. The jury returned a verdict for the defendant; and the case is now before us on a bill of exceptions by the plaintiff, in which the only exception insisted upon at the hearing before us was to the refusal of the trial justice to grant, upon the motion of the plaintiff, a new trial on the ground that the verdict was contrary to the evidence and the weight thereof.

At the trial the following facts were proved by undisputed evidence or were asserted by the defendant and admitted by the plaintiff to be true. On August 27, 1931, the plaintiff and defendant were the equal owners of a parcel of improved real estate on Valley street in the city of Providence, which they had acquired as tenants in common and which was subject to a mortgage for $4500. On the same day Louise Catherine King, an unmarried woman, was the sole owner of a parcel of improved real estate on Manton avenue in that city, which was subject to a first mortgage for $5100 and a second mortgage for $1500.

According to testimony by both of the parties this property had on it two stores, one being of considerable size, and a four-family house and a barn; and they both looked at it some weeks before August 27, 1931. The defendant testified, in substance, that he told the plaintiff about the two mortgages on it and suggested that the latter acquire this property, subject to the mortgages, and quitclaim the Valley street property to the defendant.

He testified also that he thought the Manton avenue property was worth much more than the amount of the mortgages on it; that in discussing the matter they put a

valuation of $7000 on the Valley street property and a valuation of $10,500 on the Manton avenue property; and that after several conferences he proposed that he deed the latter property to the plaintiff and the latter deed the Valley street property to him and cancel the defendant's note, which at that time stood at $2000. He testified further that the plaintiff then said: "All right; you get a deed on the property on Manton Avenue, and I will give you a deed of the property on Valley Street, and we will call it all square."

According to undisputed evidence, the defendant, on August 27, 1931, delivered to the plaintiff a valid warranty deed, duly executed and acknowledged by Louise Catherine King and conveying to the plaintiff the Manton avenue property, subject to the two mortgages, aggregating $6600, which the grantee assumed and agreed to pay; and on the same day the plaintiff executed and acknowledged and delivered to the defendant a deed which conveyed to the latter the former's undivided half interest in the Valley street property, which property was then subject to a mortgage for $4500.

The plaintiff denied the testimony of the defendant as to the valuation put by the parties on the two properties and testified to the effect, as stated in the brief filed in his behalf in this court, "that Colan showed him the Manton avenue property, and told him that he could get the property for the mortgages, and that he asked Colan several times to pay the note." If this testimony was correct, it seems very strange that on the same evening he accepted from the defendant the deed of Miss King of that property, in which he assumed the payment of those two mortgages, and he also executed and delivered to the defendant a deed which conveyed to the latter all the plaintiff's interest in the Valley street property, without receiving any consideration for it unless that deed was a part of the consideration which he was giving to the defendant for the delivery by the latter to him of the deed of the Manton avenue property.

On the above valuations assumed by the parties according to the defendant's testimony, the plaintiff acquired an equity of redemption worth $3900 in the Manton avenue property and conveyed to the defendant an equity of redemption worth $1250 in the Valley street property. The difference between these two sums would be $2650. This would seem to be fairly consistent with the testimony of the defendant that the parties agreed that the difference between the fair values of the property interests received by them respectively was balanced by an agreement by the plaintiff to cancel the above note of the defendant to him, then standing at $2000 plus some interest.

The above deeds were delivered in the evening and the defendant was leaving the city the next morning for a considerable period. According to testimony by the defendant, the plaintiff told him that he could not deliver the defendant's note at that time because it was in the possession of the plaintiff's attorney; but that he would deliver it to the defendant later on. The latter testified that, although he several times afterwards requested the plaintiff to surrender the note to him, he never received it. .

We are satisfied that the decision of the case by the jury was clearly dependent upon their opinion of the veracity of the respective parties and the weight to be given to the testimony of each of them. The jury returned a verdict for the defendant; and the trial justice, in denying the plaintiff's motion for a new trial, discussed the issues involved and the evidence on each side; and found as follows: "The issue was clearly one of credibility. The evidence was such that different minds may reasonably and fairly come to different conclusions therefrom. After a careful consideration of all the evidence, we are unable to say that defendant did not sustain his legal burden of proof. We therefore hold that the verdict is just and fairly responds to the merits of the controversy."

We cannot find that in so deciding the trial justice overlooked or misunderstood any of the evidence or failed to

apply the correct rule of law. Nor can we find, from our consideration of the evidence that he was clearly wrong in deciding as he did as to the preponderance of the evidence.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Joseph Janas, Walter J. Hennessey,* for plaintiff.

*J. Raymond Dubee,* for defendant.